**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

**TAYLOR LEBLANC,**

      **Plaintiff,**

**v.**

**THE PROCTER & GAMBLE**
**PAPER PRODUCTS COMPANY,**

      **Defendant.**

**CASE NO.:**
**GA BAR NO.: 121837**

_____/

**COMPLAINT**

Plaintiff, TAYLOR LEBLANC, hereby sues Defendant, THE PROCTER & GAMBLE PAPER PRODUCTS COMPANY, and alleges:

**NATURE OF THE ACTION**

1.     This is an action brought under the Americans with Disabilities Act, as amended, 42 U.S.C. §12101, et. seq. (ADA), and 42 U.S.C. §1981a.

2.     This action involves claims which are, individually, in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and interest.

**THE PARTIES**

3.     At all times pertinent hereto, Plaintiff, TAYLOR LEBLANC, has been a resident of the State of Georgia and was employed by Defendant. Plaintiff is a member of a protected class due to her actual or perceived disability and/or record of impairment, and due to the fact that she was retaliated against after reporting Defendant's unlawful employment activities including Defendant's refusal to accommodate her.

4.      At all times pertinent hereto, Defendant, THE PROCTER & GAMBLE PAPER PRODUCTS COMPANY, has been operating within and pursuant to the laws of the State of Georgia. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

5.      Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, and has requested and is eligible to receive, or has received, her right to sue letter on that charge.  This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6.      Plaintiff, a white American-born female, was employed by Defendant. During the course of her employment, she tested positive for COVID-19, multiple times.  Procter & Gamble managers acted indifferent, and agitated; at the news she was infected. Multiple employees in her unit and in nearby unit were becoming infected. It became apparent that local managers were confused and literally disoriented at how to manage the swiftly-involving workplace crisis. Plaintiff was sent home, told to come back, sent home again and told to come back again. She was not provided proper personal protective equipment (PPE), and could not safely socially distance from coworkers. The Albany management was creating its own crisis, and endangering innocent workers, because of its failure to properly understand and manage infected workers, and because of its outrageous conduct in blaming Plaintiff and possibly other employees for becoming infected. Defendant clearly saw Plaintiff as disabled.  But it failed to discuss her options with her, including paid or unpaid leave (under company policies and under state and federal leave laws, including the

ADA).  It failed to offer her proper protective equipment, unpaid leave as an accommodation, and any others that may have been available. Ultimately, Plaintiff was fired on utterly false grounds - as a way to simply run her out the door - but in truth because Plaintiff was disabled or perceived as disabled due to her infection and multiple symptoms.

7.      Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services.  Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## DISABILITY DISCRIMINATION

8.      Paragraphs 1 through 7 are realleged and incorporated herein by reference.

9.      This is an action against Defendant for disability discrimination brought under the ADA.

10.      Plaintiff has been the victim of discrimination on the basis of her disability or perceived disability.  During the course of Plaintiff's employment with Defendant, she was treated differently than similarly situated nondisabled/perceived-as-disabled employees.

11.      Defendant is liable for the differential treatment and its refusal to accommodate Plaintiff, which adversely affected the terms and conditions of Plaintiff's employment with Defendant.  Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

12.      In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

3

13.     The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.  The events set forth herein lead, at least in part, to Plaintiff's termination.

14.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or perceived disability or her record of having an impairment.

15.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  Plaintiff is entitled to injunctive/equitable relief and punitive damages.

## COUNT II
## RETALIATION

16.     Paragraphs 1 through 10 are realleged and incorporated herein by reference.

17.     Defendant is an employer as that term is used under the applicable statutes referenced above.

18.     The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting her under the ADA.

19.     The foregoing unlawful actions by Defendant were purposeful.

20.     Plaintiff voiced opposition to unlawful employment practices during Plaintiff's employment with Defendant and was the victim of retaliation thereafter, as related in part above.

21.     Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter.  There is thus a causal

4

connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

22.     As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.  Plaintiff is entitled to injunctive relief and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein, and punitive damages;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)     award Plaintiff interest where appropriate; and

(g)     grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement of her position and instatement/reinstatement of all retirement benefits and credit for time worked from the date of her wrongful termination.

## **<u>DEMAND FOR TRIAL BY JURY</u>**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Respectfully submitted,


/s/ Jim Garrity
Jim Garrity [GBN 121837]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801

ATTORNEYS FOR PLAINTIFF

6